■ WALTER FISHER et al., Appellants, v JOSEPH L. FISHER et al., Respondents, et al., Defendants.—Order, Supreme Court, Bronx County, entered April 25, 1975, denying plaintiffs' motion for entry of judgment pursuant to the stipulation of settlement, unanimously reversed, on the law, and the motion granted, with $40 costs and disbursements to appellants. The complaint in this action alleged, *inter alia,* that the defendant, J. L. Fisher, fraudulently obtained a bank loan in the sum of $250,000 in the name of Colonie-Lawrence Company, Inc., and then converted the proceeds, making a loan of that money to Wholesale Service Supply Corp. The action was settled in the midst of trial and a stipulation of settlement was placed on the record. The stipulation, insofar as pertinent to this appeal, provided for monthly payments of $2,967 due on the first day of each month with a five-day grace period. Time of payment was declared to be of the essence. Colonie-Lawrence was entitled to enter judgment for the unpaid balance in the event of a default in payment. Payments were made in a timely fashion for almost three years; however, Colonie-Lawrence received no payment in the month of January, 1975 and, as of February 14, 1975, the February, 1975 payment had not been made either. Plaintiff applied at Special Term to enter accelerated judgment for the unpaid balance. Special Term denied

the motion, noting that late payment for January and February, 1975 had been made, and that timely payments had been made for almost three years. The excuse offered by defendant that he was physically ill, which illness prevented him from making timely payment, appears not to be substantiated by the record. His illness was, in any event, no impediment, since payments were made by other persons in charge of the affairs of the defendant Wholesale. The absence of the defendant Fisher, therefore, neither halted the daily affairs of the corporation nor prevented its making timely payments (cf. *Graf v Hope Bldg. Corp.,* 254 NY 1). The relief sought by the plaintiffs is due them, and we have granted it accordingly. Settle order on notice. Concur—Stevens, P. J., Markewich, Murphy, Capozzoli and Lane, JJ.